**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PHILIP J. CHARVAT and ERIC OLSON,
Individually and on behalf of all others
similarly situated,

      Plaintiffs,

v.

HEALTH BENEFITS ONE, LLC,
a Florida limited liability company,

      Defendant.

_____/

**CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES**
**AND INJUNCTIVE RELIEF UNDER 47 U.S.C. § 227 *et seq.*,**
**THE TELEPHONE CONSUMER PROTECTION ACT**
**JURY DEMAND**

1.  Plaintiffs PHILIP J. CHARVAT and ERIC OLSON bring this action against Defendant HEALTH BENEFITS ONE, LLC d/b/a "Health Benefits Center" ("HBC") to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

2.  The Plaintiffs bring this claim pursuant to 47 U.S.C. §§ 227(b), 227(c) and the associated Federal Communications Commission ("FCC") Regulations, for unsolicited calls made to the cellular telephones of Plaintiffs and others using an automatic telephone dialing system and to residential telephones of Plaintiffs and others by using an artificial or prerecorded voice, as well as for marketing calls made to persons who have registered their telephone number on the National Do Not Call List.

## JURISDICTION AND VENUE

3.     The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 747 (2012).

4.     The Court further has subject matter jurisdiction over this action pursuant to the Class action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because (i) at least one member of the putative class is a citizen of a state different from Defendant, (ii) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (iii) none of the exceptions under that section apply to this action.

5.     This Court has personal jurisdiction over Defendant HBC because it is headquartered and does business in this District.

## PARTIES

6.     Plaintiff ERIC OLSON is a natural person and resident of St. Lucie County, Florida. At all relevant times Plaintiff was the sole user, subscriber, owner, and possessor of the cellular telephone at issue.

7.     Plaintiff PHILIP CHARVAT is a natural person and resident of Westerville, Ohio. At all relevant times Plaintiff was the subscriber, owner, and possessor of the residential telephone number that he was called on.

8.     Defendant HBC is a Florida limited liability company with its principle place of business at 200 South Park Road, Suite 465, Hollywood, FL 33021.

## FACTS

9.     Defendant HBC is a "call-center based insurance enrollment center" engaged in the business of selling insurance products to consumers.

10.     Defendant HBC asserts that they represent many of the largest insurance companies in the United States.

11.     Defendant HBC uses telemarketing to promote its goods and services.

12.     Defendant HBC uses pre-recorded messages, or has third parties use pre-recorded messages, as part of its telemarketing efforts.

13.     Upon information and belief, Defendant HBC uses equipment that constitutes an automatic telephone dialing system under 47 U.S.C. § 227(a) to place calls to consumers' cellular telephones, as such a system would be required in order to deliver the pre-recorded messages used.

14.     Upon information and belief, Defendant HBC uses the VICIDIAL® call center software to place its outbound telemarketing calls. VICIDIAL® is a full-featured predictive dialer, and an automatic telephone dialing system as described by 47 U.S.C. § 227(a).

## FACTS RELATING TO PLAINTIFF OLSON

15.     On April 13, 2015, Plaintiff Olson received a telephone call on his cellular telephone.

16.     When his cellular telephone rang, Plaintiff Olson's telephone displayed 229-256-4163 as the telephone number from which the incoming call originated.

17.     Several days later, on April 17, 2015, Plaintiff Olson received another telephone call on his cellular telephone.

18.     This time, when his cellular telephone rang, Plaintiff Olson's telephone displayed 229-471-1375 as the telephone number from which the incoming call originated.

19.     Upon answering a call from either of these numbers, consumers are connected to Defendant HBC, which then attempts to sell them insurance products.

20.     Plaintiff Olson was damaged by Defendant's calls. His privacy was wrongfully invaded, and Plaintiff has become understandably aggravated with having to deal with the frustration of repeated, unwanted phone calls forcing him to divert attention away from his work and other activities.

21.     Further, Plaintiff Olson's cellular telephone number has been registered on the federal Do Not Call registry since November 3, 2009.

## FACTS RELATING TO PLAINTIFF CHARVAT

22.     On June 11, 2015, Plaintiff Charvat received a pre-recorded telephone call on his residential telephone line.

23.     There was a pre-recorded message that played advertising health insurance.

24.     After Plaintiff Charvat was connected to a live individual, the company was identified as the Defendant HBC.

25.     During the call the live individual stated that HBC was affiliated with Blue Cross Blue Shield, Coventry, Cigna, and Aetna.  The live individual stated that HBC did the pre-qualifications for those companies.

26.     The call shortly disconnected thereafter.

27.     On June 17, 2015, Plaintiff Charvat received another call from the Defendant HBC.

28.     This call was made by a live operator and not a pre-recorded message.

29.     During this call, which was a follow up to the previously disconnected pre-recorded message, Plaintiff Charvat was given the website www.HBCInsure.com, which is owned and operated by the Defendant.

30.     Plaintiff Charvat was damaged by Defendant's calls. His privacy was wrongfully invaded, and he has become understandably aggravated with having to deal with the frustration of repeated, unwanted phone calls.

31.     Further, Plaintiff Charvat's residential telephone number has been on the National Do Not Call list for more than three years, having registered it on September 11, 2011.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiffs and the Class)**

32.     Plaintiffs Olson and Charvat re-allege and incorporate the foregoing allegations as if fully set forth herein.

33.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . .." 47 U.S.C. § 227(b)(1)(A)(iii).

34.     "Automatic telephone dialing system" refers to any equipment that has the "capacity to dial numbers without human intervention." *See, e.g., Hicks v. Client Servs., Inc.*, No. 07-61822, 2009 WL 2365637, at *4 (S.D. Fla. June 9, 2009) (citing FCC, In re: Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991: Request of ACA International for Clarification and Declaratory Ruling, 07–232, ¶ 12, n. 23 (2007)).

35.     Defendant HBC, used equipment having the capacity to dial numbers without human intervention to make non-emergency telephone calls to the cellular telephones of Plaintiff Olson and the other members of the Classes defined below.

36.     In calling the Plaintiff Charvat, and the other members of the Classes defined below, the Defendant HBC also used a pre-recorded message to contact them, or engaged a third party to do the same.

37.     These calls were made without regard to whether or not Defendant had first obtained prior express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiffs and the other members of the § 227(b) putative Class when its calls were made.

38.     Furthermore, after October 16, 2013 the FCC required that Defendant obtain prior **written** express consent to place telemarketing calls to cellular telephone numbers. See I*n re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1831 (2012).

39.     Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system and/or artificial or prerecorded voice message to make non-emergency telephone calls to the cell phones of Plaintiffs and the other members of the putative Class without their prior express permission.

40.     As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiffs and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiffs and the class are also entitled to an injunction against future calls. Id.

### COUNT II
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiffs and the Class)**

41.     Plaintiffs re-allege and incorporate the allegations preceding Count I as if fully set forth herein.

42.     It is a violation of the TCPA for any person or entity to initiate any telephone solicitation to a residential or wireless subscriber who has registered their telephone number with the National Do Not Call Registry.

43.     The FCC's TCPA regulations make it unlawful to "initiate" telemarketing calls to phone numbers registered on the national Do Not Call Registry or without maintaining a list of persons who request not to receive calls. Interpreting the meaning of the word "initiate" in its TCPA regulations, the FCC has clarified that a "person or entity 'initiates' a telephone call when it takes the steps necessary to physically place a telephone call." *In re Dish Network, LLC,* 28 F.C.C. Rcd. 6574, 6582–83 (2013). The FCC's interpretation of its regulations implementing the TCPA merits substantial deference. *Thomas Jefferson Univ. v. Shalala,* 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994) (reviewing courts "must give substantial deference to an agency's interpretation of its own regulations").

44.     Plaintiffs and members of the putative Class have received more than one telephone call from Defendant within a twelve (12) month period in violation of the regulations set forth in 47 C.F.R. 64.1200.

45.     As a result of Defendant's conduct and pursuant to § 227(c)(5) of the TCPA, Plaintiffs and the other members of the putative Class were harmed and are each entitled to $500.00 in damages for each violation. Plaintiffs and the class are also entitled to an injunction against future calls.

### Class Allegations

46.     Plaintiffs bring this case on behalf of Classes defined as follows:

> *All persons in the United States who, within four years prior to the filing of this action through the date of certification, Defendant called on their cell phone*

*using an artificial or prerecorded voice message or equipment with the capacity to dial numbers without human intervention, where the recipient did not give the cell phone number to Defendant for purposes of receiving automated marketing calls.*

*All persons in the United States who, in the period between October 16, 2013 to the filing of this action through the date of certification, Defendant called on their cell phone using an artificial or prerecorded voice message or equipment with the capacity to dial numbers without human intervention, where the recipient did not give prior express written consent to Defendant to receive automated marketing calls.*

*All persons in the United States to whom, within any twelve month period within four years prior to the filing of this action through the date of certification, Defendant initiated more than one telephone solicitations to a telephone number registered with the National Do Not Call Registry, where the subject telephone number had been registered more than thirty-one days prior to the initiation of the telephone solicitations.*

47.   Upon information and belief, Defendant called more than 100 members of the putative classes during the four years prior to the filing of this action.

48.   Common questions of law or fact exist as to all members of the putative Classes and predominate over any question solely affecting any individual member, including Plaintiffs. Such questions common to the § 227(b) Class include but are not limited to:

a.   Whether Defendant used an "automatic telephone dialing system" or "artificial or prerecorded voice" calls as such terms are defined or understood under the TCPA and applicable FCC regulations and orders;

b.   Whether Defendant had prior express permission, or prior express written permission, to contact Plaintiffs and the other members of the putative Classes when they made calls to their cell phones using an automatic telephone dialing system or artificial or prerecorded voice;

    c.      Whether Defendant's violations were performed willfully or knowingly such that Plaintiffs and the members of the putative Classes are entitled to trebled damages.

    d.      Whether Defendant's calls constitute telephone solicitations.

49.    Plaintiffs' claims are typical of the claims of the other members of the putative Classes. The factual and legal bases of Defendant's liability to Plaintiffs and the other members of the putative Classes are the same: Defendant's violated the TCPA by causing the cellular telephone number of each member of the putative Classes, including Plaintiffs, to be called using an automatic telephone dialing system and/or prerecorded voice message without prior express permission.

50.    Plaintiffs will fairly and adequately protect the interests of the Classes. Plaintiffs have no interests that might conflict with the interests of the Classes. Plaintiffs are interested in pursuing their claim vigorously, and has retained counsel competent and experienced in class and complex litigation, including with regards to the claims alleged herein.

51.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are, on information and belief, thousands of members of the putative Classes, such that joinder of all members is impracticable.

52.    No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

53.     Defendant has acted and failed to act on grounds generally applicable to Plaintiffs and the other members of the Classes, thereby making relief appropriate with respect to the Classes as a whole. Prosecution of separate actions by individual members of the putative Classes, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the Classes that would establish incompatible standards of conduct.

54.     The identity of the Classes is, on information and belief, readily identifiable from the records of Defendant and/or any affiliated marketers.

WHEREFORE, Plaintiffs ERIC OLSON and PHILIP CHARVAT, on behalf of themselves and the other members of the Classes, pray for the following relief:

a.      A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b.      An injunction prohibiting Defendant from using an automatic telephone dialing system or artificial or prerecorded voice message to call numbers assigned to cellular telephones or residential land lines without the prior express permission of the called party;

c.      An injunction prohibiting Defendant from initiating telephone solicitations to persons who have registered their telephone numbers with the National Do Not Call Registry;

d.      An award of actual and statutory damages; and

e.      Such further and other relief the Court deems reasonable and just.

**JURY DEMAND**

Plaintiffs demand trial by jury.

## <u>DOCUMENT PRESERVATION DEMAND</u>

Plaintiffs hereby demand that Defendant place a formal litigation hold as to any documents or data relating to the allegations in this case. Specifically, and without limitation, Plaintiffs request that all marketing call records, documents and data that might bear on prior express consent or any other defense, all documents and communications regarding use of any type of instrumentality, hardware, software or hosted telephone dialer communications between the parties regarding marketing by phone, contracts and agreements between the parties, documentation regarding marketing "leads", calls made to those leads and whether (and to whom) sales were made be preserved.  This list is non-exhaustive.

Dated: July 3, 2015

Respectfully submitted,

/s/ Bret L. Lusskin, Jr., Esq.
Florida Bar No. 28069
BRET LUSSKIN, P.A.
20803 Biscayne Blvd., Ste 302
Aventura, FL 33180
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com

Scott D. Owens
scott@scottdowens.com
SCOTT D. OWENS, P.A.
3800 S. Ocean Drive, Ste. 235
Hollywood, FL 33019
Telephone: (954) 589-0588
Facsimile: (954) 337-0666

Edward A. Broderick
Anthony I. Paronich
Broderick Law, P.C.
125 Summer St., Suite 1030
Boston, MA  02110
(617) 738-7080
ted@broderick-law.com
*Subject to Pro Hac Vice Motion*

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, Massachusetts 01760
(508) 655-1415
(508) 319-3077 *facsimile*
mmccue@massattorneys.net
*Subject to Pro Hac Vice Motion*

*Attorneys for Plaintiffs*