UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:15-cv-61388-KAM

PHILIP J. CHARVAT and ERIC OLSON,
individually and on behalf of all others
similarly situated,

    Plaintiff,

vs.

HEALTH BENEFITS ONE, LLC,
a Florida limited liability company,

    Defendant.
_____/

## HBC'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Health Benefits One, LLC ("HBC") hereby moves to dismiss all counts of Plaintiffs Philip J. Charvat and Eric Olson's Complaint (ECF No. 1) for failure to state a claim upon which relief may be granted.

### I.    INTRODUCTION

This motion takes issue with the Complaint's several pleading deficiencies. First, the Complaint fails to link HBC's alleged use of an automatic telephone dialing system ("ATDS") with the calls allegedly received by Plaintiffs. The Complaint alleges two disconnected facts—HBC utilizes an ATDS; and HBC called Plaintiffs—but omits any allegations that HBC utilized an ATDS **to call Plaintiffs**. With no allegations linking HBC's alleged use of an ATDS and their alleged calls to Plaintiffs, the Complaint fails to satisfy the pleading requirements set forth in *Aschroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and must be dismissed.

Second, the Complaint's "Class Allegations" similarly fail to meet the *Iqbal/Twombly* pleading requirement. Relying exclusively "upon information and belief," Plaintiffs allege that "Defendant called more than 100 members of the putative classes during the four years prior to the filing of this action." Compl., ¶ 47. Plaintiffs failure to allege **any** facts to support this claim renders the Complaint's "Class Allegations" deficient under Rule 8, *Iqbal*, and *Twombly*.

Finally, the Complaint fails to plead the telephone numbers that serve as the basis for their claims. Fair notice requires Plaintiffs to plead such information.

For these reasons, the Complaint should be dismissed.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to provide a short and plain statement of the claim that will "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8 also requires such a statement to show "that the **pleader** is entitled to relief." Fed. R. Civ. P. 8 (emphasis added).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotations omitted). A plaintiff must plead enough facts to "nudge[] their claims across the line from conceivable to plausible. . . ." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint

is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

### III. ARGUMENT

Courts have responded to the wave of Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), lawsuits by prescribing particular pleading requirements. For example, courts have consistently held that the fair notice requirements articulated by the Supreme Court in *Iqbal* and *Twombly*, requires a plaintiff to plead more than the mere statutory elements of a TCPA claim. *See, e.g., Padilla v. Whetstone Partners, LLC*, 14-21079-CIV, 2014 WL 3418490 (S.D. Fla. 2014). Plaintiffs here ignore this and other basic pleading requirements, requiring dismissal of their claims.

### A. Count I of the Complaint Must Be Dismissed Because Plaintiffs Fail to Allege Any Facts Suggesting HBC Used an ATDS to call Plaintiffs

Plaintiffs merely allege that: (1) HBC utilizes an automatic telephone dialing system (they do not); and (2) HBC called Plaintiffs (without alleging the numbers HBC allegedly called). Plaintiffs have failed, however, to allege that the calls they received, the only calls at issue in this case, were made utilizing an automatic telephone dialing system. Instead, Plaintiffs conclusorly state that Defendants violated the TCPA by using and ATDS when they called Plaintiffs. Compl., ¶ 39.

"These allegations sound much like those found insufficient by the Supreme Court in *Iqbal*: statements of legal conclusions rather than true factual allegations." *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011). "Formulaic recitations of the elements of a claim, such as these, are conclusory and are entitled to no assumption of truth." *Id.* (citing *Iqbal,* 129 S. Ct. at 1951)). All Plaintiffs have done is recite the statutory elements, which is insufficient under Rule

8, *Iqbal*, *Twombly*, and the weight of the body of case law that has developed around TCPA litigation.

Courts in this circuit have consistently dismissed claims that fail to plead the factual circumstances supporting an allegation that they received pre-recorded messages or were called using an automatic telephone dialing system. For example, in *Padilla v. Whetstone Partners, LLC*, 14-21079-CIV, 2014 WL 3418490, at *2 (S.D. Fla. 2014), the Court held:

> In this case, the Plaintiff's amended complaint contains a recitation of the statutory cause of action. Like the plaintiff in [*Johansen v. Vivant, Inc.*, No. 12C7159, 2012 WL 6590551, *3 (N.D. Ill. 2012)], Plaintiff does not elaborate on the content of the pre-recorded message. His call log also indicates that when he answered his phone, he spoke to a live person. Plaintiff also fails to explain the circumstances that suggest Defendant used an automatic calling device. For example, Plaintiff could detail whether there was a pause upon his answering the call, the content of the pre-recorded messages (i.e. were they identical messages?), or any other fact that would support his conclusory allegation that he received calls from an automatic telephone dialing system.

The majority of other courts in this circuit have similarly dismissed complaints that fail to allege the circumstances supporting a threadbare recitation of the statutory elements of a TCPA violation. *See, e.g.*, *Weaver v. Wells Fargo Bank N.A.*, 8:15-CV-1247-T-23TGW, 2015 WL 4730572, at *4 (M.D. Fla. Aug. 10, 2015) ("Like the plaintiff in [*Padilla*], Weaver alleges only that the defendant used an automated dialing system, and therefore Weaver 'fails to explain the circumstances that suggest Defendant used an automatic calling device.'") (quoting *Padilla*, 2014 WL 3418490, at *2); *Gardner v. Credit Mgmt., L.P.*, 8:14-CV-1677-T-EAJ, 2015 WL 1235037, at *2 (M.D. Fla. Mar. 17, 2015) ("Plaintiff Gardner has not included any allegation as to the content of the telephone calls, or the circumstances that suggest that Defendant used an ATDS to make the telephone calls.") (citing *Padilla*, 2014 WL 3418490); *McGinity v. Tracfone Wireless, Inc.*, 6:13-CV-1214-ORL-22K, 2014 WL 1202950, at *3 (M.D. Fla. 2014) ("Plaintiff fails to allege any facts tending to create an inference that the calls were made using an

automatic telephone dialing system."); *Speidel v. JP Morgan Chase & Co.*, 2:13-CV-852-FTM-29, 2014 WL 582881, at *2 (M.D. Fla. 2014) ("In Count IV, plaintiff alleges that defendant willfully violated the TCPA by placing calls using an automatic telephone dialing system to dial plaintiff's cellular or residential telephone, or by using an artificial or prerecorded voice to deliver a message to plaintiff. No additional allegations are provided. The Court finds that such allegations merely follow the language of the statute and are consistent with defendant's liability."); *Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1316 (S.D. Fla. 2012) ("Plaintiff alleges in a conclusory manner that Defendant placed 'many' non-emergency calls to his cellular phone. However, Plaintiff's Complaint is devoid of any factual allegations to support that claim.").

As described by the Northern District of Illinois, the pleading threshold embraced by a majority of courts in this circuit is one that is not unduly burdensome:

> We agree that it is unreasonable to require a plaintiff in a TCPA complaint, without the benefit of discovery, to elaborate on the specific technical details of a defendant's alleged ATDS, such as what type of machines were used to make a call or how those machines functioned. **It is not unreasonable, however, to require a plaintiff to describe the phone messages he received in laymen's terms or provide the circumstances surrounding them to establish his belief that the messages were pre-recorded or delivered via the ATDS.** This approach does not burden plaintiffs unduly by requiring pleading of technical details impossible to uncover without discovery, rather it necessitates that they plead only facts easily available to them on the basis of personal knowledge and experience. At the same time, it gives fair notice to defendants by "distinguish[ing] the particular case that is before the court from every other hypothetically possible case" under TCPA, *Swanson v. Citibank,* 614 F.3d 400, 404 (7th Cir. 2010), and avoids the potential abuse of the discovery process to pressure defendants into settling weak cases. *See Twombly,* 550 U.S. at 559; *Swanson,* 614 F.3d at 405. This approach balances the requirements of liberal pleading for plaintiffs and fair notice to defendants underpinning our legal system.

*Johansen v. Vivant, Inc.*, 12 C 7159, 2012 WL 6590551 (N.D. Ill. 2012) (some internal citations omitted) (emphasis supplied).

The "abstract recitations of the elements of a cause of action" in Count I "do nothing to distinguish the particular case that is before the court from every other hypothetically possible case in that field of law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010). Even if HBC does use automated technology or pre-recorded messages (which HBC denies), Plaintiffs fail to set forth any facts that allege the specific calls they received were made using an automatic telephone dialing system.

At best, the Complaint alleges: (1) HBC uses automatic dialers; and (2) HBC called Plaintiffs. Such allegations fails to state a claim upon which relief can be granted because Rule 8 requires facts sufficient to support a finding "that the **pleader** is entitled to relief." Fed. R. Civ. P. 8 (emphasis added). Even assuming *arguendo* that HBC has called other individuals using an ATDS, Plaintiffs would not be entitled to relief if the specific calls at issue in this case were not made using an ATDS. Otherwise, opportunistic plaintiffs would be able to abuse the judicial process by suing defendants known to utilize an ATDS regardless of whether those plaintiffs were actually called using an ATDS. *Iqbal*, *Twombly*, and Rule 8 require more. Since Count I fails to meet this basic pleading threshold, it must be dismissed.

B.  **The Complaint's "Class Allegations" Fail to Allege Any Facts Suggesting HBC "Called More Than 100 Members of the Putative Class"**

Plaintiffs' class allegations merely recite the TCPA and lack any factual basis that would support an inference of the number of years, number of times HBC called putative class members and number of putative class members. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Plaintiffs allege "upon information and belief" that HBC "called more than 100 members of the putative cases during the four years prior to filing of this action." Compl., ¶ 47. However, Plaintiffs do not allege **any** fact to support the basis for the information. The Complaint is lacking any allegation as to the source of Plaintiffs' information, or how Plaintiffs formed their belief that during the four years prior to filing of the Complaint HBC called more than 100 class members. Plaintiffs do not allege the number of calls or type of calls to other putative class members. Plaintiffs further fail to allege any fact to support the inference as to the years during which HBC made unauthorized calls or number of putative class members. The Complaint merely alleges labels and conclusions that HBC made calls during the entire four year statute of limitations period to more than 100 putative class members.

In *Daisy, Inc. v. Pollo Operations, Inc.*, 2:14-CV-564-FTM-38CM, 2015 WL 1418607 (M.D. Fla. Mar. 27, 2015), the Court granted defendant's motion to dismiss a TCPA class action claim in which plaintiff alleged defendant sent unlawful facsimiles. Like Plaintiffs here, the plaintiff in Daisy "provided no factual basis other than reciting the elements of a class action and stating it believes forty (40) other businesses received the same facsimiles it received." *Id.* at *6. The *Daisy* Court dismissed the TCPA class action claim because plaintiff did "not provide the Court with any factual basis other than information and belief that some forty other businesses also received the alleged facsimiles in violation of the TCPA." *Id.* The Complaint lacks any information that would support an inference of four years of calls by HBC to more than 100 members of the putative classes. Accordingly, the Complaint's "Class Allegations" must be dismissed.

### C. Counts I and II Must Be Dismissed Because Plaintiffs Failed to Plead the Telephone Numbers

The entire Complaint should be dismissed because Plaintiffs have failed to plead the telephone numbers that serve as the bases for their claims. "[F]air notice of what the claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555, begins with pleading the actual telephone number. Identifying the telephone number in the complaint not only provides notice but also enables a defendant to ensure that it stops calling someone who no longer wants to be called (assuming the person was called in the first place). Without the telephone number, a TCPA defendant must guess as to which telephone number belongs to the plaintiff. If the TCPA's goal is to prevent unwanted calls, then both fair notice and common sense requires that a plaintiff provide the telephone number in the very instrument used to advance that goal.

Although the Eleventh Circuit has not has not squarely addressed the question of whether a plaintiff must plead their telephone number that the defendant allegedly called in order to state a plausible TCPA claim, the matter of *Strand v. Corinthian Colleges, Inc.*, 1:13-CV-1235, 2014 WL 1515494, at *4 (W.D. Mich. 2014), is persuasive here. In *Strand*, the Court held that "proper application of [Rule 8], as applied in light of *Iqbal* and *Twombly,* supports [a requirement that plaintiffs plead their telephone numbers] in TCPA cases." *Id.* at *3; *but see Ott v. Mortgage Investors Corp. of Ohio, Inc.*, 65 F. Supp. 3d 1046, 1059-60 (D. Or. 2014) (declining to following *Strand*).

Here, neither Plaintiff has pled the telephone numbers serving as the basis for their claims. Nor have they pled even <u>part</u> of those telephone numbers. Accordingly, both Counts of the Complaint must be dismissed.

IV.     CONCLUSION

Plaintiffs have not sufficiently pled a claim pursuant to the TCPA, nor have they properly pled class allegations.  The Court should dismiss the Complaint and require Plaintiffs to plead, at a minimum: (1) the factual circumstances supporting their claim that <u>they</u> were called by HBC using an ATDS; (2) the factual circumstances supporting their claim that HBC called more than "100 members of the putative cases during the four years prior to filing of this action"; and (3) the telephone numbers that serve as the bases of their claims.

Date: September 18, 2015.

Respectfully submitted:

**HOMER BONNER JACOBS**

Attorney for Health Benefits One, LLC
1200 Four Seasons Tower
1441 Brickell Avenue
Miami Florida 33131
Phone:  (305) 350-5143
Fax:  (305) 372-2738

By:  s/ Yaniv Adar
     Kevin P. Jacobs
     Email:  kjacobs@homerbonner.com
     Florida Bar No.: 169821
     Yaniv Adar
     Email:  yadar@homerbonner.com
     Florida Bar No: 63804

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of September, 2015, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF.  I also certify the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

By: s/ Yaniv Adar
    Yaniv Adar